UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., | : |
| Plaintiff, | : |
| v. | : No. 5:17-cv-2790 |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., | : |
| Defendants. | : |

**OPINION AND ORDER**

**Joseph F. Leeson, Jr.**                                                              **March 22, 2018**
**United States District Judge**

    **I.**     **Background**

Plaintiff Stanley F. Frompovicz, Jr., brought this pro se Section 1983 action, which centers around the bottled water industry in Pennsylvania, against the Pennsylvania Department of Environmental Protection, the Pennsylvania Department of Agriculture (collectively the "Agency Defendants"), and twenty-six state employees (ten of whom are unnamed) in their official and personal capacities. Complaint, ECF No. 1. Although somewhat unclear, the Complaint seems to allege the following. Frompovicz, operating as Far Away Springs, runs a bulk water supply hauling company that has a Department of Environmental Protection permit to remove and sell spring water for the bottled water industry. Compl. ¶¶ 1, 31. Department of Environmental Protection regulations draw a distinction between "raw" and "finished" water: water shipped to bottling facilities in raw form is not subject to monitoring or testing requirements, but water shipped in finished form must comply with the Department of Environmental Protection's monitoring, testing, and reporting requirements. Compl. ¶¶ 41. Thus,

suppliers permitted to ship water in raw form have a significant advantage over competitors shipping finished water because they are subject to less regulation. *Id.* Frompovicz complains that, since at least 2008, the Department of Environmental Protection has allowed a competitor, MCR, to ship raw water to outside purchasers, whereas Far Away is not permitted to ship raw water to outside purchasers. Compl. ¶¶ 36-40, 62.

Frompovicz also alleges "disparate enforcement" of Department of Environmental Protection regulations and procedures. Compl. ¶ 60. As a result of a positive test for contamination in the water supply of one of Far Away's customers in 2015, the Department of Environmental Protection issued an order prohibiting Far Away from shipping water for human consumption. Compl. ¶¶ 65, 83-86, 132. Far Away stopped its shipments and complied with all its responsibilities to resolve the issue, but the Department of Environmental Protection failed to issue a "Corrections Completed Notice" as required by the terms of its order to allow Far Away to resume shipments. Compl. ¶¶ 146-49. Meanwhile, the Department of Environmental Protection permitted MCR to continue shipping "unpermitted, untested, unmonitored" raw water while its permit was suspended, including to customers whose business Far Away missed out on as a result of the order. Compl. ¶¶ 83-86, 132, 152.

Nearly two months after he filed his Complaint, Frompovicz filed a motion for preliminary injunctive relief, ECF No. 5, to which the Agency Defendants responded, ECF No. 7. Frompovicz asks this Court to enter an injunction against the Department of Environmental Protection and the Department of Agriculture ordering the agencies to comply with various state and federal regulations concerning the supply of water to bottled water systems, specifically, among other things, to stop water supply from "unpermitted sources" to water bottling plants and

to "enforce the conditions contained in the Permits of all similarly situated water suppliers in an equal manner." Mot. 12.

## II. <u>**Applicable Legal Standard**</u>

A plaintiff seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Because a preliminary injunction is an "extraordinary and drastic remedy," a court should grant relief only if the movant carries the burden of persuasion and shows that each of the four elements weighs in favor of granting a preliminary injunction; failure to establish any of the four elements makes a preliminary injunction inappropriate. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A Wright & Miller, <u>Federal Practice and Procedure</u> § 2948 (2d ed. 1995)); *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (concluding that a failure to establish any element renders preliminary injunction inappropriate) (quoting *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

## III. <u>**Analysis**</u>

The Eleventh Amendment sovereign immunity under the United States Constitution bars suits against the Commonwealth of Pennsylvania and its agencies. Therefore, this Court lacks jurisdiction over the Agency Defendants and Frompovicz cannot establish that he is likely to succeed on the merits of his claim. The United States Supreme Court has held that, subject to narrow exceptions, the Eleventh Amendment bars suits in federal court against states and state

agencies. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261 (1997). The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. Const. amend. XI. Eleventh Amendment sovereign immunity applies regardless of the relief a plaintiff seeks. *Cory v. White*, 457 U.S. 85, 90-91 (1982) (holding that Eleventh Amendment immunity precludes both suits for money judgments and suits for injunctive relief). Both the Department of Environmental Protection and Department of Agriculture can claim Eleventh Amendment sovereign immunity because they are agencies of the Commonwealth of Pennsylvania. *Pioneer Aggregates, Inc. v. Pennsylvania Dep't of Envtl. Prot.*, No. 3:11-CV-00325, 2012 WL 4364073, at *4–5 (M.D. Pa. Sept. 21, 2012) (holding that the Pennsylvania Department of Environmental Protection is an agency of the Commonwealth protected by sovereign immunity), *aff'd*, 540 F. App'x 118 (3d Cir. 2013); *M & M Stone Co. v. Pennsylvania, Dep't of Envtl. Prot.*, No. CIV.A. 07-CV-04784, 2008 WL 4467176, at *14 (E.D. Pa. Sept. 29, 2008) (same); *Winkler v. Pennsylvania-Dep't of Agric.*, 994 F. Supp. 2d 668, 672 (E.D. Pa. 2014) (holding that the Pennsylvania Department of Agriculture is an agency of the Commonwealth protected by sovereign immunity).

Three exceptions to Eleventh Amendment sovereign immunity exist. First, Congress may abrogate Eleventh Amendment immunity by expressing its "unequivocal" intent to abrogate pursuant to a "valid exercise of power." *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996). Second, states may waive their sovereign immunity and consent to be sued, *see Alden v. Maine,* 527 U.S. 706, 755 (1999), but a state's waiver must "be unequivocally expressed," *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 (1984). Third, the *Ex parte*

*Young* doctrine allows suits against individual state officers for declaratory and prospective injunctive relief to remedy ongoing violations of federal law. 209 U.S. 123 (1908).

None of these three exceptions applies in this case. First, although Frompovicz insists that his claims arise under the federal Safe Drinking Water Act, 42 U.S.C. § 300f-300j-27, he does not demonstrate that the Act contains an "unequivocal" expression of Congressional intent to abrogate state sovereign immunity. In fact, the Act contains an unequivocal expression of Congressional intent to *preserve* state sovereign immunity under the Eleventh Amendment in the section permitting civil actions by citizens:

> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf--
>
> (1) against any person (including (A) the United States, and (B) any other governmental instrumentality or agency **to the extent permitted by the eleventh amendment to the Constitution**) who is alleged to be in violation of any requirement prescribed by or under this subchapter….

42 U.S.C. § 300j-8 (emphasis added). Second, Pennsylvania has not waived its sovereign immunity. *See* 42 Pa. C.S. § 8521(b); 1 Pa. C.S. § 2310; *M & M Stone Co.*, 2008 WL 4467176, at *14. Third, *Ex parte Young* does not apply because Frompovicz seeks preliminary injunctive relief only against the Agency Defendants, and the doctrine does not apply where the defendant claiming immunity is not a state officer, but the state itself. *Id.* (citing *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002)).

The Agency Defendants' Eleventh Amendment sovereign immunity bars Frompovicz's claim for preliminary injunctive relief. Therefore, this Court has no jurisdiction, and Frompovicz cannot prevail on the merits of his claim. *See Cruz-Gonzalez on behalf of D.M.S.C. v. Kelly*, No. CV 16-5727, 2017 WL 3390234, at *6 (E.D. Pa. Aug. 7, 2017) (holding that plaintiff could not demonstrate likelihood of success on the merits where court lacked jurisdiction); *Clay v.*

*Domestic Relations Section*, No. CIV.A. 05-125 ERIE, 2006 WL 3331397, at *4 (W.D. Pa. Nov. 16, 2006) (same). Because Frompovicz's claim fails on the first element required to obtain preliminary injunctive relief, this Court does not address the parties' arguments concerning the remaining elements.

**IV.    Order**

**ACCORDINGLY**, this 22nd day of March, 2018, **IT IS ORDERED THAT** Frompovicz's Motion for Immediate Preliminary Injunction, ECF No. 5, is denied.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge