UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY F. FROMPOVICZ, JR., | : |
| Plaintiff, | : |
| v. | : No. 5:17-cv-2790 |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., | : |
| Defendants. | : |

# O P I N I O N
**Agency Defendants' Motion to Dismiss, ECF No. 8 – Granted**
**Individual Defendants' Motion to Dismiss, ECF No. 10 – Granted in part**
**Plaintiff's Motion for Leave to Amend, ECF No. 13 – Granted in part**
**Plaintiff's Motion for Leave to File Amended Motion for Injunctive Relief,
ECF No. 17 – Denied**

**Joseph F. Leeson, Jr.**                                                                          **August 30, 2018**
**United States District Judge**

**I.**     **Background**

Plaintiff Stanley F. Frompovicz, Jr., has brought this pro se §1983 action, which centers around the bottled water industry in Pennsylvania, against the Pennsylvania Department of Environmental Protection ("DEP"), the Pennsylvania Department of Agriculture ("DOA") (collectively the "Agency Defendants"), nineteen individually named state employees ("the Individual Defendants"),[1] and twenty "John Doe" employees, in their official and personal capacities. Complaint, ECF No. 1. The Complaint alleges the following facts.[2]

---

[1]     The named Defendants include David Hissner, Dawn Hissner, Lynne Sheetz, Rod Nesmith, Jeffrey Algyer, David Mittner, Peter Mangak, Todd Ostir, Brian Yagiello, Brian Busher, Jason Minnich, Shawn Cable, Joshua Krammes, Thomas Shaul, and Thomas Fredricci, all of whom are alleged to be employees of the Pennsylvania Department of Environmental

Frompovicz, operating as Far Away Springs, or FAS, runs a bulk water supply hauling company that has a Department of Environmental Protection operations permit to remove and sell spring water at a location in Auburn, Pennsylvania. Compl. ¶¶ 1, 31-32. Department of Environmental Protection regulations draw a distinction between "raw" and "finished" water: water shipped to bottling facilities in raw form is not subject to monitoring or testing requirements, but water shipped in finished form must comply with the Department of Environmental Protection's monitoring, testing, and reporting requirements. Compl. ¶ 41. Thus, suppliers permitted to ship water in raw form have a significant advantage over competitors shipping finished water because they are subject to less regulation. *Id.* Frompovicz complains that, since at least 2008, the Department of Environmental Protection has allowed a competitor, MCR, to ship raw water to outside purchasers, whereas Far Away is not permitted to ship raw water to outside purchasers. Compl. ¶¶ 36-40, 62.

Frompovicz also alleges "disparate enforcement" of Department of Environmental Protection regulations and procedures. Compl. ¶ 60. As a result of a positive test for contamination in the water supply of one of Far Away's customers, on June 18, 2015, the Department of Environmental Protection issued a "DEP Field Order" prohibiting Far Away from shipping water for human consumption. Compl. ¶¶ 65, 83-86, 132. The Field Order listed ten requirements that needed to be fulfilled before Far Away would be permitted to resume shipping water. Compl. ¶ 148. Shortly after the Field Order was issued, Frompovicz completed the first

---

Protection. In addition, Defendants Lydia Johnson, Gary Landiak, and Judith Miller are alleged to be employees of the Pennsylvania Department of Agriculture.

2       The Complaint, although intelligibly written, is unnecessarily long and digressive and includes many immaterial details, all of which makes it difficult for the Court to determine the exact nature of Frompovicz's various claims. The Complaint fails to comply with the requirement in Federal Rule of Procedure 8 that a pleading contain "a short and plain statement" of the party's claims and that each allegation be "simple, concise, and direct."

eight requirements, a fact that Defendant Busher has acknowledged in correspondence. Compl. ¶ 148. But DEP has refused to act on the ninth requirement, which provides that after the first eight requirements are fulfilled, DEP will issue a "Notice of Completion" or "Corrections Completed Notice," officially recognizing that FAS has completed the first eight requirements. Compl. ¶¶ 148-49. As a result, Defendants have "boxed FAS into a dead end" in which FAS has fulfilled all of its obligations under the Field Order but cannot resume shipping water due to the DEP's inaction. Compl. ¶ 149. Meanwhile, the DEP permitted MCR to continue shipping "unpermitted, untested, unmonitored" raw water while its permit was suspended, including to customers whose business Far Away missed out on as a result of the order. Compl. ¶¶ 83-86, 132, 152.

In response to Frompovicz's Complaint, both the Agency Defendants and the Individual Defendants have filed motions to dismiss. Frompovicz, meanwhile, has filed a motion for leave to amend his Complaint as well as a motion for leave to file an amended motion for injunctive relief.[3]

**II.   Legal Standards**

**A.   Motion to Dismiss – Rule 12(b)(1) – Standing**

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). Rule 12(b)(1) challenges may be either facial or factual challenges. *Id.* A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Id.* "Where a Rule 12(b)(1) motion is filed prior to an answer, as is the case here, it

---

[3]   The Court denied Frompovicz's initial motion for injunctive relief in March 2018. See ECF Nos. 15, 16.

3
082918

will be considered a facial challenge to jurisdiction." *Price v. Commonwealth Charter Acad. Cyber Sch.*, No. CV 17-1922, 2018 WL 1693352, at *4 (E.D. Pa. Apr. 6, 2018). "When considering such a facial challenge, a court must apply the same standard of review that would apply on a motion to dismiss under Rule 12(b)(6)" and thus "well-pleaded factual allegations are taken as true, and reasonable inferences are drawn in the plaintiff's favor. *Id.* "The complaint will be dismissed for lack of standing only if it appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Id.*

**B.     Motion to Dismiss – Rule 12(b)(6) – Failure to State a Claim**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III.    Analysis**

**A.    The Agency Defendants' Motion to Dismiss is granted.**

As the Court explained in its previous Opinion, *see* ECF No. 15, this Court lacks jurisdiction over the Agency Defendants because these Defendants have sovereign immunity under the Eleventh Amendment to the United States Constitution. Accordingly, Frompovicz's claims against the Agency Defendants are dismissed with prejudice.

**B.    The Individual Defendants' Motion to Dismiss is granted in part.**

The Court considers below the Individual Defendants' arguments relating to Frompovicz's discrete claims. But initially, the Court considers three arguments presented by Defendants that concern Frompovicz's Complaint as a whole.

First, Defendants contend that the Court must dismiss this case because Frompovicz "does not have standing to assert a Section 1983 claim arising out of damages suffered by his corporation," namely Far Away Spring or FAS. Defs.' Mem. Supp. 5, ECF No. 10. Defendants acknowledge that Frompovicz refers to himself in the Complaint as "d/b/a FAS," but they contend that this "mere reference . . . does not in any way impact the standing analysis." *Id.* They also point out that although Frompovicz is the sole Plaintiff in this action, the Complaint refers to "Plaintiffs" in several instances, which suggests that Frompovicz is separate from FAS. Frompovicz responds that "FAS" is a fictitious or d/b/a name.[4] *See* Pl.'s Mem. Opp'n 2-3, ECF No. 12.

---

[4]   In support of this contention, Frompovicz states that he has attached, at Exhibit 28 to his Memorandum, a copy of the filing from the Pennsylvania Department of State of the fictitious name registration of Far Away Springs as a d/b/a of Stanley Frompovicz, filed on September 23, 1991. Exhibit 28, however, does not appear to contain this document; rather, it contains a meeting agenda from August 22, 2015, and what appears to be a roster of the meeting's attendees.

Under Pennsylvania law, "[t]he use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name." *Parks v. Woodbridge Golf Club, Inc.*, No. CV 11-0562, 2016 WL 8716606, at *5 (E.D. Pa. July 22, 2016) (quoting *Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. Ct. 2015)). Accordingly, at this stage, accepting Frompovicz's well-pleaded factual allegations as true, and drawing reasonable inferences in his favor, the Court finds that Frompovicz has alleged that FAS is a fictitious name for himself and not a separate legal entity, notwithstanding his confusing references to "Plaintiffs" in the Complaint. As a result, he has plausibly alleged that he has standing in this matter.

Second, Defendants contend that all of Frompovicz's claims predating the DEP's June 18, 2015 Field Order are barred by the two-year statute of limitations applicable to § 1983 claims. In response, Frompovicz states that he "is not seeking damages for any actions of the Defendants, prior to June 19, 2015." Pl.'s Mem. Opp'n 37. He explains that his allegations concerning Defendants' actions prior to that date are "provided as a history and demonstration of Prior Policy Practice and Custom of Defendants." *Id.* Accordingly, the Court grants this aspect of Defendants' motion and dismisses any claims based on Defendants' alleged conduct prior to June 19, 2015.

Third, Defendants contend that Frompovicz's Complaint improperly "lumps" all Defendants together and fails to specify which claims are asserted against which Defendants. Defendants contend that "[a]t an absolute minimum, defendants Daniels, Sheetz, Nesmith, Ostir, Yagiello, Busher, Cable, Shaul, Fredricci, Johnson, and Miller should be dismissed due to the lack of any substantive allegations against them" in the Complaint. Defs.' Mem. Supp. 20.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two theories of supervisory liability: (1) the defendant-supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations; and (2) the defendant, in his role as policymaker, acted with deliberate indifference in establishing and maintaining a policy, practice or custom which directly caused the plaintiff's constitutional harm. *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, "[a]lthough a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Merely "listing . . . job responsibilities is not sufficient to create an allegation of personal direction or of actual knowledge and acquiescence." *Paskel v. Nutter*, No. 13-5755, 2014 WL 4055837, at *2 (E.D. Pa. Aug. 13, 2014).

Here, the Complaint does not contain any substantive allegations concerning any conduct from June 18, 2015, onward against Sheetz, Nesmith, Ostir, Cable, Shaul, Fredricci, Johnson, and Miller.[5] Accordingly, Frompovicz has failed to allege the personal involvement of these Defendants in this case, and the claims against these Defendants are dismissed without prejudice.

---

[5] As indicated above, Defendants contend that the Complaint also fails to include substantive allegations against Defendants Daniels, Yagiello, and Busher. The Court finds that the Complaint contains at least minimally substantive allegations pertaining to these Defendants and therefore declines to dismiss them from this lawsuit at this time. *See* Compl. ¶¶ 212-213 (alleging that Daniels has ordered Defendant Busher not to speak with Frompovicz about his efforts to get FAS "back on line"); Compl. ¶ 210 (alleging that Busher and Yagiello, among others, admit that FAS's permit is valid but refuse to issue the Corrections Completed Notice).

As explained in further detail below, the Court will permit Frompovicz to file an amended complaint consistent with the rulings set forth in this Opinion.

The Court now turns to an examination of Frompovicz's discrete claims.

**i.     Frompovicz has stated an alleged substantive due process claim.**

In Count I of the Complaint, Frompovicz alleges that his substantive due process rights have been violated because his "use and/or enjoyment of the rights and the privileges diligently and legally acquired, in the FAS Operations Permit has been substantially limited by governmental decisions averred to be based on political and/or personal reasons/animus unrelated to the merits of the proposed use of the property or the requirements of the law." Compl. ¶ 231.

"The substantive component of the Due Process Clause 'protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)). "To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Defendants contend that Frompovicz fails to state a substantive due process claim both because he has failed to allege that he has a property interest entitled to substantive due process protection and because, even if he has alleged such an interest, "no arbitrary and capricious

action by the Individual Defendants has been identified and the allegations which have been made are in wholly conclusory form." Defs.' Mem. Supp. 10.

First, with respect to the nature of Frompovicz's property interest, "[t]he United States Court of Appeals for the Third Circuit has recognized that ownership interests in property are interests protected by the substantive aspect of due process." *See M & M Stone Co. v. Pennsylvania, Dep't of Envtl. Prot.*, No. CIV.A. 07-CV-04784, 2008 WL 4467176, at *21 (E.D. Pa. Sept. 29, 2008) (citing *Indep. Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1179 n.12 (3d Cir. 1997)). Moreover, "[t]he Third Circuit has explicitly held that cases involving 'zoning decisions, building permits, or other governmental permission required for some intended use of land owned by the plaintiffs . . . implicat[e] the "fundamental" property interest in the ownership of land.'" *Id.* (quoting *Indep. Enterprises*, 103 F.3d at 1179 n.12); see *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 601 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003) (recognizing that a substantive due process right is implicated where a "government decision . . . impinges upon a landowner's use and enjoyment of property").

Here, Frompovicz alleges that Defendants interfered with his use of a DEP operations permit that allowed Frompovicz to "remove and resell spring water for the bottled water industry" from his property in Auburn, Pennsylvania. Compl. ¶¶ 1, 31. The Court finds that Frompovicz's interest in the permit is protected by substantive due process because this interest concerns the use and enjoyment of his real property. *See M & M Stone*, 2008 WL 4467176, at *22 ("Plaintiff's mining license implicates plaintiff's fundamental property interest in the use, control and enjoyment of its real property.").

Second, the Court must consider whether Frompovicz has alleged conduct on the part of Defendants that both impinges on his protected property right and "shocks the conscience." Frompovicz's Complaint is replete with allegations of "conscience-shocking" conduct on the part of Defendants, but many of these allegations concern alleged conduct that occurred before June 2015 (which Frompovicz admits is irrelevant to his claims) or concern Defendants' alleged failure to enforce DEP regulations with respect to Frompovicz's competitor, MCR. This latter conduct—regardless of whether it was "conscience shocking"—did not impinge on Frompovicz's use and enjoyment of his land. At most, this alleged conduct reduced the value of Frompovicz's operations permit by providing his competitor with an allegedly unfair advantage. But "a decline in property value, by itself, cannot support a substantive due process claim." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 493 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, to the extent Frompovicz seeks to assert a substantive due process claim on the basis of Defendants' alleged conduct vis-à-vis MCR, he fails to state a claim. But Frompovicz's allegations that Defendants have prevented him from removing and selling his own water—for example, by unjustifiably refusing to finalize the "Corrections Completed Notice"—allege conduct that impinges on the use and enjoyment of his land. Accordingly, these allegations may support a substantive due process claim.

Finally, Frompovicz has alleged that Defendants refused to finalize the Corrections Completed Notice, among other thing, in an effort to "silence and destroy" him and to benefit MCR. *See* Compl. ¶ 193. He has therefore alleged "conscience-shocking" conduct on the part of Defendants, that is, "conduct intended to injure in some way unjustifiable by any government interest."

**ii.     Frompovicz has failed to state a procedural due process claim.**

In Count II of the Complaint, Frompovicz alleges that his procedural due process rights have been violated because he has "no recourse to appeal the actions of the DEP" to the Environmental Hearing Board ("EHB"). Compl. ¶ 237.

To state a claim under § 1983 "for deprivation of procedural due process, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). A state "provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio*, 53 F.3d at 597. Thus, "when a state affords a full judicial mechanism with which to challenge the administrative decision in question, the state provides adequate procedural due process . . . whether or not the plaintiff avails him or herself of the provided appeal mechanism." *Id.* (citations and internal quotations omitted).

Although the nature of Frompovicz's procedural due process claim is unclear, it seems to be related to his allegations that DEP has unjustifiably refused to issue a "Corrections Completed Notice" to permit him to resume shipping water. In short, it appears that Frompovicz is claiming that his procedural due process rights have been violated by DEP's alleged refusal to either (1) issue a "Corrections Completed Notice," or (2) definitively state that it will *not* issue the Corrections Completed Notice, which would provide him a final decision that he could appeal to the EHB.

Defendants argue that "it is well settled that the EHB has the authority to hear and rule upon constitutional claims," such as those that Frompovicz raises here, and that Frompovicz "cannot now seek relief for claims which should have been raised before the EHB." Defs.' Mem. Supp. 12. It is not clear that this argument responds to Frompovicz's apparent claim, however, as he seems to be complaining about the unavailability of some sort of mandamus action to require the DEP to grant or deny his request for a Corrections Completed Notice. Unfortunately, Frompovicz's response to Defendants' motion does not clarify matters, as he does not discuss his procedural due process claim at all in his forty-one-page memorandum. In any event, because the Court cannot discern the exact nature of Frompovicz's procedural due process claim, the claim is dismissed without prejudice. *See Manolovich v. Park*, No. 02: 08-CV-1746, 2009 WL 1444396, at *2 (W.D. Pa. May 21, 2009) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." (quoting 5C C. Wright & A. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004)). Because the Court cannot determine whether further amendment of this claim would be futile, Frompovicz will be permitted leave to amend this claim to remedy the deficiencies identified herein.

### iii. Frompovicz has stated an alleged conspiracy claim.

In Count III of the Complaint, Frompovicz asserts a claim of "conspiracy to deny due process rights," alleging that "Defendants did recklessly, intentionally, arbitrarily, capriciously, deliberately, maliciously and willfully conspire/collude with each other, share the same general conspiratorial objective, and/or came to an agreement between them to inflict a wrong against or injury upon the Plaintiffs [sic] and/or commit an overt act that resulted in foreseeable damage to the Plaintiffs [sic]." Compl. ¶ 240.

"To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Because Frompovicz has alleged that Defendants committed acts which violated his constitutional right to substantive due process, "[a]ssuming [he] can prove such acts actually occurred, he could prove the other elements of his conspiracy claim." *See Frompovicz v. Twp. of S. Manheim*, No. 3:06CV2120, 2007 WL 2908292, at *14 (M.D. Pa. Oct. 4, 2007).

### iv. Frompovicz has failed to state a claim of "municipal policy, practice, and custom."

In Count IV of the Complaint, Frompovicz asserts a claim of "Municipal Policy, Practice and Custom," alleging that Defendants "adopted maintained and/or acquiesced to a custom, policy and practice, which permitted the arbitrary and capricious actions and decisions of the individual Defendants, thereby denying permit holders and his customers the due process of law." Compl. ¶ 245. As Defendants point out, this type of cause of action can apply only to municipalities, not states or state agencies. Accordingly, this claim is dismissed with prejudice, as any amendment would be futile.

### v. Frompovicz has failed to state a "takings" claim.

In Count V of the Complaint, Frompovicz asserts a "takings" claim, alleging that "[a]s a direct and proximate result of defendants' arbitrary and capricious application of the law, Plaintiffs [sic] are unable to utilize the property for its[] intended purpose" and that "[s]aid actions by the defendants were a de facto taking of the property without just compensation." Compl. ¶¶ 248-49.

As Defendants point out, it is unclear what "property" Frompovicz is referring to—for example, his land, his permit, or perhaps both (or neither). Accordingly, because the nature of Frompovicz's "takings" claim is impermissibly vague, this claim is dismissed without prejudice. Because the Court is unable to determine whether further amendment of this claim would be futile, Frompovicz will be permitted to amend this claim to remedy the deficiencies identified herein.

### vi. Frompovicz has failed to state a "third-party interference with business relationship" claim.

In Count IV of the Complaint, Frompovicz alleges that Defendants "have interfered with the third party business relationships and/or contracts of Far Away Springs, by enforcing regulations against the plaintiffs" in an unfair manner. Compl. ¶ 253. The Individual Defendants respond that, as state employees acting within the scope of their duties, they have state sovereign immunity from any such claim. Defendants are correct. *See Scott v. Carette*, No. CIV.A. 10-5368, 2013 WL 5842347, at *7 (E.D. Pa. Oct. 31, 2013) ("The Commonwealth of Pennsylvania, as well as its parties, officials, and agencies are protected from liability for intentional torts by the doctrine of sovereign immunity, unless the cause of action falls within a statutory exception or the individual's conduct falls outside the scope of his or her employment."). Here, because all of the Individual Defendants' alleged conduct occurred within the scope of their employment, they are immune from this claim, and this claim is dismissed with prejudice.

### vii. Frompovicz has stated an alleged equal protection claim.

In Count VII of the Complaint, Frompovicz asserts an equal protection claim, alleging that "Defendants have denied permit applications and operations parameters to the Plaintiff that are functionally identical to applications and operations of other competitive water suppliers . . . ." Compl. ¶ 256.

14
082918

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. Frompovicz asserts a "class of one" theory of equal protection. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (per curiam). To state a claim under a class of one theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Defendants contend that Frompovicz has failed to state a claim under this standard because "the mere fact that FAS had a permit to supply finished water and MCR had a permit to supply raw water reveals that the two entities are not similarly situated" and because Frompovicz "fails to allege facts showing that the Individual Defendants engaged in purposeful discrimination or specifically and purposely, without a rational basis, sought to disadvantage all members of a protected class that includes plaintiff and that they knowingly treated plaintiff differently from similarly situated commercial entities." Defs.' Mem. Supp. 17.

As noted above, Frompovicz's Complaint lacks clarity and is not concise, but the Court finds that it is sufficiently clear that he alleges that he and MCR are similarly situated, that Defendants intentionally treated him less favorably than MCR, and that they lacked a rational basis for doing so.

**vii.     Frompovicz fails to state a claim of retaliation.**

Finally, in Count VIII of the Complaint, Frompovicz alleges a claim of "retaliation." As Defendants point out, the paragraphs following this heading in the Complaint contain no content whatsoever. Further, although the Complaint contains various allegations that might conceivably form the basis of a retaliation claim, Defendants should not have to guess which of the many

events discussed in the Complaint give rise to Frompovicz's retaliation claim. Accordingly, this claim is dismissed without prejudice, and Frompovicz will be permitted to amend this claim to remedy the deficiencies identified herein.

**D.  Frompovicz's Motion to Amend is granted in part.**

On the same date that he filed his response to the Individual Defendants' motion to dismiss, Frompovicz also filed a motion for leave to amend his Complaint, attached to which he included a Proposed Amended Complaint. His Proposed Amended Complaint seeks to amend his Complaint in the following respects: (1) to identify a Defendant who was previously named as John Doe 1; and (2) to add an additional count of Intentional Infliction of Emotional Distress ("IIED") to his Complaint and to add his wife and daughter as plaintiffs with respect to the IIED claim only. Defendants oppose these proposed amendments. For the reasons set forth below, the Court denies Frompovicz's request to file the Proposed Amended Complaint attached to his present motion. But, as indicated above, the Court will permit Frompovicz to file an amended complaint consistent with the rulings issued in this Opinion.

> **i.  Frompovicz's request to add Chad Reisch as a defendant is denied without prejudice.**

First, Frompovicz states that he seeks to amend the Complaint to add as a defendant Chad Reisch, "a geologic technician employed and/or working for" the DEP. *See* Pl.'s Mot. Am. ¶ 3. But, as Defendants point out, Frompovicz's Proposed Amended Complaint does not contain any substantive allegations against Reisch. Accordingly, Frompovicz's request to add Reisch as a defendant in this matter is denied without prejudice. If Frompovicz decides to file an amended complaint, he may add Reisch as a defendant only if he appropriately includes substantive allegations against him.

### ii. Frompovicz's request to add an IIED claim is denied with prejudice.

In Frompovicz's Proposed Amended Complaint, under his proposed intentional infliction of emotional distress claim, Frompovicz alleges that he, his wife, and daughter "have all sustained significant damages and suffered injuries as a result of the Defendants' disparate treatment and/or conduct manifested towards them." Proposed Am. Compl. ¶ 261, ECF No. 13-1. This claim fails for several reasons.

First, as explained above, the Individual Defendants are immune from intentional tort claims unless the individual's conduct falls outside the scope of his or her employment. Here, none of Defendants' alleged actions were outside the scope of their employment. Accordingly, Defendants are immune from Frompovicz's IIED claim, and the Court lacks jurisdiction over that claim.

Further, even if the Court had jurisdiction over the IIED claim, Frompovicz fails to plausibly allege such a claim. "There are four elements to an IIED claim: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir. 1979). "Liability on an intentional infliction of emotional distress claim 'has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Reedy v. Evanson*, 615 F.3d 197, 231-32 (3d Cir. 2010) (quoting *Field v. Philadelphia Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). "In addition, "Pennsylvania law requires that some type of physical harm be shown in order to satisfy the severe emotional distress element." *McGee v. Conyngham Twp.*, No. 4:17-CV-01639, 2018 WL 2045437, at *9 (M.D. Pa. May 1, 2018). Frompovicz's Proposed Amended

Complaint does not contain any factual allegations to suggest that Defendants' actions were extreme, outrageous, atrocious, or utterly intolerable, or that they caused any physical harm.

Finally, even if Defendants were not immune from Frompovicz's IIED claim and Frompovicz had plausibly alleged such a claim on his own behalf, he has not shown any factual basis for adding his wife and daughter as plaintiffs for this claim. Moreover, as Defendants point out, Frompovicz, as a pro se litigant, is not permitted to represent his wife or daughter in this action. Because further amendment of this claim would be futile, Frompovicz's request to add an IIED claim is denied with prejudice.

**E.     Plaintiff's Motion for Leave to File Amended Motion for Injunctive Relief is denied.**

As mentioned above, in March 2018 this Court denied Frompovicz's motion for injunctive relief. Subsequently, Frompovicz filed the present Motion for Leave to File Amended Motion for Injunctive Relief. In his Proposed Amended Motion for Injunctive Relief, Frompovicz seeks an order compelling Defendant Lisa Daniels, DEP's Director of the Bureau of Safe Drinking Water, "to cease and desist from the unlawful practice of allowing non-permitted and/or improperly permitted competitors of FAS to continue to supply water to bottling plants and, thus, ultimately to the general public." Pl.'s Am. Mot. Inj. 1, ECF No. 17-1.

A plaintiff seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Because a preliminary injunction is an "extraordinary and drastic remedy," a court should grant relief only if the movant carries the burden of persuasion and shows that each of the four elements weighs in favor of granting a preliminary injunction; failure to establish any of the four elements makes a

preliminary injunction inappropriate. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A Wright & Miller, Federal Practice and Procedure § 2948 (2d ed. 1995)); *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (concluding that a failure to establish any element renders preliminary injunction inappropriate) (quoting *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

Frompovicz's Proposed Amended Motion fails to establish the first element set forth above, namely that he will suffer irreparable harm without preliminary relief. "[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). The gravemen of Frompovicz's Complaint is that he has lost money due to Defendants' disparate enforcement of certain regulations. *See* Compl. ¶ 56. Because this alleged harm can be remedied by money damages, it cannot satisfy the irreparable injury requirement. Accordingly, Frompovicz's Motion for Leave to File Amended Motion for Injunctive Relief is denied.

## V. Conclusion

For the reasons set forth above, the Agency Defendants' Motion to Dismiss is granted, the Individual Defendants' Motion to Dismiss is granted in part, Frompovicz's Motion for Leave to Amend is granted in part, and his Motion for Leave to File Amended Motion for Injunctive Relief is denied. Frompovicz is granted leave to amend his Complaint consistent with the rulings issued in this Opinion no later than September 14, 2018.

Frompovicz is advised that if he chooses to file an amended complaint, the amended complaint must be complete in all respects. That is, it must be a new pleading which stands by itself without reference to the original complaint. Any such amended complaint may not contain

conclusory allegations; rather, it must establish the existence of specific actions by the defendants which have resulted in the alleged wrongs. The amended complaint must also be "simple, concise, and direct" as required by Rule 8 and should contain no more factual allegations than is necessary. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge